## 18617

William C. MOORE, Respondent, v. REEVES BROS. and Aetna
Casualty and Surety Company, Appellants
(153 S. E. (2d) 498)

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-
ville, *for Appellants,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondent,*

*Messrs. Love,. Thornton, Arnold & Thomason,* of Greenville, *for Appellants, in Reply,*

March 9, 1967.

G. BADGER BAKER, Acting Justice.

The question in this case is whether the record contains competent evidence reasonably tending to support the award of the Industrial Commission in behalf of the employee-respondent. The numerous cases which define the authority of an appellate Court in a question of factual review are cited in West's Digest, Workmen's Compensation, 1939.

The Commission found that respondent, on April 29, 1965, sustained an injury to his back which aggravated a pre-existing condition which, although respondent continued in the same employment for six months, forced him to seek and accept work of a lighter nature at a reduced weekly salary. Respondent was awarded partial disability compensation at the rate of. sixty (60) per cent of the difference between his average weekly wage before the injury and the average wage received after October 25, 1965,

the date of change to lighter work, for the statutory period of compensability, minus the number of weeks between April 29, 1965 and·October 25, 1965.

Respondent had been employed by Reeves Brothers as a head overhauler in the card room for approximately nine years, which type of work involved the handling, moving and installation of heavy machinery. The respondent's vocational training and qualifications were limited to the particular work in which he was employed.

In May of 1959, December of 1961 and March of 1965 the respondent incurred injuries in the lower back, while engaged in his usual employment, but did not lose any time from work. His employer, an appellant, sent him to a chiropractor for treatment following the injuries in 1959 and 1961, but the record does not indicate that the injury in March of 1965 required attention.

On April 29, 1965, the respondent suffered another injury to his back while putting a coiler head on a comber. A coiler head weighs over two hundred pounds and its placement necessitates heavy lifting, pulling and pushing. The injury was immediately reported to the supervisor and respondent was referred to Dr. John P. McCoy, a chiropractor.

Dr. McCoy testified that the primary cause of respondent's condition was "degenerative changes that had been occurring over the years to the 5th lumbar vertebra," but his condition was aggravated by the physical straining on April 29, 1965. This witness stated that respondent attained maximum improvement about the middle of July, 1965 when there was a return of normal range of motion in the back, but it was his recommendation that his patient refrain from heavy lifting which would tend to aggravate the existing physical condition.

The respondent was examined on November 23, 1965, by Dr. Robert C. Grier, an orthopedic surgeon. This witness diagnosed the infirmity as degenerative disc disease and

early hyperthrophic arthritis which was probably not aggravated by the trauma, on April 29th, but that respondent was "probably more susceptible to the problem." Dr. Grier also stated that "he (the respondent) probably made a wise decision in changing to a lighter type of work." There is a statement in Dr. Grier's testimony that is significant when considered with respondent's continuance in the employment of appellant for approximately six months after April 29, 1965, to wit: "He impressed me as being the type of individual that could rock along pretty well and do a pretty hard day's work and sort of put up with a certain amount of his discomfort and difficulty."

Mr. Moore continued his regular and usual employment with Reeves Brothers until sometime in October of 1965 when he left this employer of his own volition and commenced working with Quinn and Company at reduced compensation. While remaining with appellant he was regularly treated by Dr. McCoy. A backbrace was prescribed by Dr. McCoy and worn with fair regularity during working hours. Respondent readily admitted that appellant had permitted him to "favor" his back since 1959 and that he had been instructed to stand by and let other men undertake heavy work. He, however, stated that when you have "a job to do and just two men, you've got to lift." There is testimony from respondent and his wife that following the trauma he suffered severe discomfort in his lower back throughout the remaining time he remained with appellant. The reason given for leaving Reeves Brothers was physical inability to perform his duties, or in the language of respondent, he "wasn't able to run the job." There is evidence that respondent requested his employer to transfer him to work of a lighter nature, but his request was not granted.

Mr. Moore's work status with Quinn and Company is depicted as being in the same category but his physical labor was considerably lessened. The movement or installation of any machinery in excess of fifty pounds would not be undertaken by respondent, but he would have the assistance of at least two helpers.

The evidence in behalf of the appellants is that respondent was a good and satisfactory employee, that he had been instructed not to lift heavy objects but to request assistance which would be furnished, and if respondent attempted the performance of heavy work he did so by choice, not by direction. It is admitted that the appellant-employer did not discharge respondent and did not know he was leaving until notice from him on the date of severance.

The contention of the appellants is that there is an absence of evidence to support a conclusion that Mr. Moore was justified by reason of trauma in seeking lighter work with another employer. Expressed in different language, the appellant's earning power was not diminished by the trauma on April 29, 1965.

The brief recitation of the testimony shows an issue of fact which could only be determined, and was decided, by the Commission. The issue cannot be based upon the assertion that Mr. Moore decided to terminate his employment with Reeves Brothers, although his work was satisfactory, and voluntarily accepted work at a lower weekly wage. There is evidence that the termination of employment by respondent was not the free exercise of will or choice, but was dictated by a constrained factor over which respondent could not exercise control, that is, physical inability originating from trauma.

The Commission has found that there was an aggravation of a pre-existing condition which has resulted in diminishment of earning power. There is evidence to support this award and the decision of the Commission, in this factual area is conclusive. An award of compensation for partial disability under Section 72-152, 1962 Code of Laws, is predicated upon loss of earning capacity. G. E. Moore Co. v. Walker, 232 S. C. 320, 102 S. E. (2d) 106.

The appellants have also appealed from the Order of Judge Eppes requiring compliance with Section 72-356,

1962 Code. Judge Eppes ordered payment of weekly benefits from the date of the award of the Commission until the decision of this Court. Since the opinion and award of the Commission has been affirmed herein the exception becomes moot.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.